UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JERMAINE UNDERWOOD | ) | |
| | ) | |
| v. | ) | 1:99-CR-45 |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

OPINION AND ORDER

Before the court is Petitioner, Jermaine L. Underwood's "Motion for Reduction of Sentence Under Title 18 U.S.C. §3582(C)(2)" filed on September 16, 2005. The Government responded on September 28, 2005 to which Underwood belatedly replied on October 31, 2005. For the following reasons, the motion will be DENIED.

After a jury trial in November 1999, a jury convicted Underwood of being a felon in possession of a firearm in violation of 18 U.S.C §922(g)(1), and possession of crack cocaine. Thereafter, Underwood received a 108 month imprisonment sentence. On appeal, the Seventh Circuit Court of Appeals affirmed Underwood's conviction, *United States v. Underwood*, 2001 WL 674635 (7th Cir. June 14, 2001). After the Supreme Court's opinion in *United States v. Booker,* 125 S.Ct. 738 (2005), Underwood proceeded as numerous criminal defendants have, by filing the present motion seeking a reduction in his sentence.

In his motion, Underwood cites to 18 U.S.C. §3582(c)(2) and claims that this provision permits a reduction in sentence based upon his post-incarceration conduct[1] and that, in addition, since *Booker* made the sentencing guidelines advisory, the court may look to the factors in 18 U.S.C. §3553(a) to reduce his sentence.

---

[1] Along with his motion, Underwood submitted 13 certificates showing that he has completed numerous programs offered to him while he has been incarcerated.

"[A] district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Blackwell,* 81 F.3d 945, 947 (10th Cir.1996). Because Underwood's motion is not a direct appeal and denies that it is a collateral attack under 28 U.S.C. § 2255,[2] its "viability ... depends entirely upon [18 U.S.C. § 3582(c) ]." *United States v. Trujeque,* 100 F.3d 869, 870 (10th Cir.1996).

Section 3582(c) provides three avenues through which the court may 'modify a term of imprisonment once it has been imposed. Those three narrow avenues are: First, upon motion of the Director of the Bureau of Prisons, a court may reduce the term of imprisonment if it finds special circumstances exist. 18 U.S.C. § 3582(c)(1)(A)(i), (ii). Second, a court may modify a sentence if such modification is "otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." Id. § 3582(c)(1)(B). Finally, a court may modify a sentence if "a sentencing range ... has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). If Underwood's argued basis does not fall within one of these three limited avenues under § 3582(c), the court is without jurisdiction to consider his request.

As for the first two avenues, Underwood does not argue either one and does not assert the requisite conditions for relief under them. Underwood does cite and quote § 3582(c)(2) in his memorandum and argues for relief under it even though he cites no guideline change made by the Sentencing Commission that is retroactively applicable to his case. Instead, Underwood appears to rely upon the holding in *Booker* as the basis for relief.

The *Booker* decision may have changed the application of the guidelines, but it did not lower

---

[2]In fact, both Underwood and the Government agree that if the petition was construed as a §2255 petition, it would be an untimely one. (See Docket #51 at ¶3 and Docket #50 at 3).

2

the guideline sentencing ranges. Nor does Underwood point to any guideline ranges lowered by the Sentencing Commission in response to *Booker*.  Accordingly, Underwood is unable to meet the threshold conditions for § 3582(c)(2) merely by asserting the change made by *Booker. See Hayes v. United States*, 141 Fed.Appx. 463, 464 (7th Cir. 2005) ("...the statutory predicate for this case, 18 U.S.C. § 3582(c)(2), authorizes an inmate to file a motion to reduce a sentence based on a subsequent amendment to the guidelines, not based on new case law."); *United States v. Joseph*, 130 Fed. Appx. 357, 360, 2005 WL 1038766, *3 (11th Cir.2005) ("[B]ecause § 3582(c)(2) authorizes only modification of a sentence as a result of an amendment to the guidelines made retroactive by the Sentencing Commission and is not a means to attack the constitutionality of a sentence," it is not a statutory vehicle for advancing *Booker.*); *United States v. Privette,* 129 Fed. Appx. 897, 899, 2005 WL 995951, *1 (5th Cir.2005) ("By its plain language, § 3582(c)(2) is not implicated by a decision of the Supreme Court that is unrelated to an actual amendment of the guidelines."); *see also United States v. Gomez,* 2005 WL 1431690, *1 (S.D.N.Y.2005); *United States v. Morrison,* 2005 WL 1474108, *1 (E.D.Mo.2005); *United States v. Chappell,* 2005 WL 806702, *1 (D.Kan.2005); *United States. v. Cooper,* 2005 WL 1606363, (D.D.C. July 1,2005).  Moreover, *Booker* "does not provide a jurisdictional basis for the district court to consider his post-sentencing rehabilitative efforts in a § 3582(c)(2) motion." *United States v. Moreno*, 421 F.3d 1217, 1218 -1219 (11th Cir. 2005). Accordingly, Underwood has presented no legal grounds for a reduction in his sentence.

## CONCLUSION

Based on the foregoing, Underwood's request for a reduction in sentence pursuant to 18 U.S.C. §3582(c)(2) is DENIED.

SO ORDERED. This 9th day of November, 2005.

s/ William C. Lee
United States District Court
Northern District of Indiana
